UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATOMI, INC., <br><br>                 Plaintiff, <br><br>  -against- <br><br>UNITECH GROUP LLC, <br><br>                 Defendant. | Civil Action No.17-cv-12854 <br><br> COMPLAINT FOR DESIGN PATENT INFRINGEMENT |

Plaintiff, Atomi Inc. (hereinafter "Atomi"30(b)(6) ), for its complaint against Defendant Unitech Group (hereinafter "Unitech"), hereby alleges, upon personal knowledge as to itself and on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1. This action arises as a result of Unitech's infringement of United States Design Patent No. D778,829 (hereinafter " '829 patent"), attached as Exhibit A, in violation of the Patent Act of the United States. Atomi seeks damages for Unitech's infringement and other wrongful conduct, enhancement of damages due to Unitech's willful and knowing tortious actions, reasonable attorney's fees and costs and a permanent injunction barring Unitech from further tortious actions, and other appropriate relief.

### THE PARTIES

2. Atomi is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 10 W. 33 Street, Suite 520, New York, NY 10001.

3. Unitech Group LLC is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 601 Lehigh Ave., Union, NJ 07083.

## JURISDICTION AND VENUE

4. This is an action for design patent infringement arising under the Patent Act, 35 U.S.C. § 101 et seq. The Court has subject matter jurisdiction over this action pursuant to, inter alia, 28 U.S.C. §1331 (federal question); 28 U.S.C. §1338(a) (action arising under the Patent Act); and 28 U.S.C. §1367 (supplemental jurisdiction).

5. The Court has personal jurisdiction over Unitech for one or more of the following reasons:

   a. The exercise of personal jurisdiction over Unitech by this Court is consistent with the Federal Due Process Clause, Unitech being incorporated in this jurisdiction;

   b. Unitech has done and continues to do business in the State of New Jersey;

   c. Unitech directs into the State of New Jersey commerce, goods and services, and advertising including by mail, electronic communications or other means;

   d. Unitech has offered, and continues to offer, products constituting patent infringement relating to this complaint in the State of New Jersey; and

   e. Unitech has made substantial sales and shipments of infringing goods within the State of New Jersey.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 because Unitech is incorporated within this District, has transacted and continues to transact business within this District, has sold and continues to offer for sale products within this District that constitute design patent infringement.

## BACKGROUND

7. Atomi is purveyor of electronics items such as USB charging stations, charging towers, cables, speakers.

8. On May 19, 2015, Atomi filed a design patent application for a Charging Station.

9. On Feb. 14, 2017, United States Design Patent No. D778,829 was duly and legally issued by the United States Patent and Trademark Office. The '829 patent has remained in force since that time and continues to be in force.

10. Atomi is the assignee of the '829 patent with all rights in and to the '829 patent, including the right to bring this action for any past or present infringement of the '892 patent, collect past and present damages and obtain injunctions, such conveyance having been memorialized in an assignment recorded with the U.S. Patent and Trademark Office on May 19, 2015.

11. The '829 patent covers an ornamental design for a USB charging station. Atomi has practiced the '829 patent in connection with the commercialization of its Charging Station, as shown for example in the side-by-side comparison below.

| Atomi Product | '829 Patent |
|---|---|
|  | <br>*Fig. 1*<br><br>*Fig. 4* |

12. Since the issuance of the '829 patent, at least five companies have taken a license from Atomi with respect to product which the licensee companies admit infringes the '829 patent and which is visually indistinguishable from the product that Unitech is selling.

### UNITECH'S INFRINGEMENT AND OTHER WRONGFUL CONDUCT

13. On information and belief, Unitech has imported a USB 4 Port Charging Stand (shown in Exhibit B) (the "Infringing Units") from Shenzhen Ksentry Electronics of Shenzhen, China.

14. On information and belief, Unitech imported at least 6000 Infringing Units from Shenzhen Ksentry Electronics in the summer of 2017.

15. On information and belief, Unitech is selling the Infringing Units on Amazon.com under the seller name Tech Union.

16. On September 6, 2017, Unitech was informed by Amazon.com that the Infringing Units were removed from Amazon.com because of a complaint of patent infringement by Atomi.

17. On September 7, 2017, Unitech was provided a copy of U.S. Design Patent No. D778829.

18. On September 7, 2017, Unitech was provided with a copy of Atomi's standard license agreement for the '829 patent which Unitech never signed.

19. Sometime after September 7, 2017, Unitech resumed selling the Infringing Units on Amazon.com without taking a license from Atomi.

20. As shown in the pictures below, the Infringing Units are designed to be so similar to the design of the '829 patent so that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Infringing Units believing them to be substantially the same as the Charging Station protected by the '829 patent.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

| '829 Patent | Atomi Product | Unitech Product |
|---|---|---|
|  *Fig. 1* |  |  |
|  *Fig. 4* | | |

21. As shown in the pictures, the '829 patent provides a design with a generally rectangular platform with radiused corners and with a recessed area in the back where a plurality of USB ports and a power wire are located, and with four thin plastic (see-through) dividers which are nearly twice the height of the base and which have radiused tops extending upwardly from the platform.

22. Atomi has not granted a license or any authorization to Unitech to make use, offer for sale, sell or import a charging station that embodies the design in the '829 patent and which is proprietary to Atomi.

23. In spite of the rights of Atomi, Unitech willfully and knowingly infringed Atomi's rights, including as to the '829 patent.

24. Atomi has been damaged by the foregoing infringement and wrongful acts of Unitech, including, without limitation, suffering actual damages.

25. Unitech's infringing activities will continue unless enjoined by this Court.

## COUNT 1 – INFRINGEMENT OF UNITED STATES DESIGN PATENT NO. D778829

26. Atomi incorporates by reference the allegations contained in paragraphs 1 – 25 above.

27. Atomi provided actual notice to Unitech of its infringement on September 7, 2017 and have notified Unitech's attorney of the same since then, including without limitation the filing of this complaint.

28. In spite of such notices, Unitech has engaged in a pattern of conduct demonstrating: Unitech's awareness of the '829 patent, the objectively high likelihood that Unitech's actions constitute infringement of the '829 patent and that the '829 patent is valid and enforceable, and that this objectively-defined risk was so obvious that Unitech knew or should have known it.

29. Unitech has infringed and continues to infringe the '829 patent by inter alia, selling and offering to sell in the United States, including in the State of New Jersey and within this District, products infringing the ornamental design covered by the '829 patent in violation of 35 U.S.C. §271.

30. Unitech infringes the '829 patent because, inter alia, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the '829 patent and the design of Unitech's Infringing Products are substantially the same, the resemblance being such as to deceive such an ordinary observer, inducing him to purchase one supposing it to be the other.

31. Unitech's acts of infringement of the '829 patent were undertaken without authority, permission or license from Atomi. Unitech's infringing activities violate 35 U.S.C. §271.

32. Unitech's infringement has damaged and continues to damage and injure Atomi. The injury to Atomi is irreparable and will continue unless and until Atomi is enjoined from infringement.

33. Atomi is entitled to a complete accounting of all revenue and profits derived by Unitech from the unlawful conduct alleged herein, including without limitation, Unitech's total profit pursuant to 35 U.S.C. of 35 U.S.C. §289.

34. Unitech has engaged and is engaged in willful and deliberate infringement of the '829 patent. Such willful and deliberate infringement justifies an increase of three times the damages to be assessed pursuant to 35 U.S.C. §284 and further qualifies this action as an exceptional case supporting an award of reasonable attorney's fees pursuant to 35 U.S.C. §285.

35. Atomi is entitled to a permanent injunction preventing Unitech from further infringing the '829 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Atomi, prays for the following relief:

A. A judgment entered in favor of Atomi on its claim that Unitech has infringed the '829 patent;

B. A permanent injunction enjoining Unitech, its respective officers, directors, agents, and employees and all those in concert or participation with it who receive notice of judgment by personal service or otherwise, from: making, importing, using, selling,

and offering to sell infringing products practicing the '829 patent and from otherwise infringing, contributing to infringement of, and actively inducing infringement of the '829 patent;

 C. A judgment and order that Unitech deliver to Atomi for destruction all product that infringes the '829 patent;

 D. A judgment and order that Unitech make an accounting to Atomi and pay over to Atomi:

  i. The extent of Unitech's total profit and revenue realized and derived from its infringement of the '829 patent, and actual damages to Atomi in an amount not less than a reasonable royalty for Unitech's infringement;

  ii. Treble damages pursuant to 35 U.S.C. §284 for Unitech's willful and deliberate infringement, and as permitted under other applicable laws;

 E. An award of costs in this action together with Atomi's reasonable attorney's fees in accordance with 35 U.S.C. §285 for this case being exceptional, and as permitted under other applicable laws;

 F. An award of interest, including prejudgment interest, on all damages; and

 G. An award to Atomi of such further relief as the court deems just and proper.

[REMAINDER OF THIS PAGE INTENTIONALLY
LEFT BLANK]

## DEMAND FOR TRIAL BY JURY

Atomi hereby demands a trial by jury as to all issues so triable.

Dated: New York, New York
December 8, 2017

                                  SATTERLEE STEPHENS LLP

                                  /s/ Walter A. Saurack
                                  Walter A. Saurack

                                  51 John F. Kennedy Parkway
                                  First Floor West
                                  Short Hills, NJ  07078-2713
                                  (973) 218-2509; Fax (973) 218-2401

                                  230 Park Avenue, Suite 1130
                                  New York, NY 10169
                                  (212) 818-9200
                                  (212) 818-9606/7 (fax)

2859475_2